UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUONG-CAM TRAN, 13165-055,

                          Petitioner,

                                                    **DECISION AND ORDER**
            v.                                           09-CV-265A
                                                         04-CR-65A

UNITED STATES OF AMERICA,

                          Respondent.

---

## I.      INTRODUCTION

Pending before the Court is a motion by petitioner Duong-Cam Tran to

vacate his sentence pursuant to 28 U.S.C. § 2255.  Petitioner raised several

issues in his motion, including insufficiency of the evidence against him,

ineffective assistance of trial and appellate counsel, and improper jury selection

that did not represent a fair cross-section of the community.  Respondent

opposed the motion because, in general, petitioner litigated some of his

arguments on direct appeal and failed to substantiate the others beyond

conclusory assertions.  For the reasons below, the Court will deny the motion.

## II.     BACKGROUND

This case concerned allegations that petitioner attempted to smuggle

methamphetamine into the United States from Canada.  On April 8, 2004,

respondent filed a three-count indictment, the first two counts of which ultimately went to trial. In the first count, respondent accused petitioner of importing 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(H). In the second count, respondent accused petitioner of possession with intent to distribute of the same quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The Court presided over a jury trial in September 2004. On October 1, 2004, the jury convicted petitioner on both counts of the redacted indictment. On September 15, 2005, the Court sentenced petitioner to concurrent terms of imprisonment of 235 months on each count, plus five years of supervised release.

Petitioner subsequently appealed his conviction to the United States Court of Appeals for the Second Circuit. Petitioner raised three sets of issues on his direct appeal. First, petitioner challenged jury instructions concerning sole occupancy of a vehicle and nervousness as probative of knowledge. Second, petitioner challenged the sufficiency of the evidence regarding his knowledge of the presence of drugs in his vehicle and regarding respondent's method of calculating the amount of drugs in question. Third, petitioner challenged his sentence as unreasonable in light of his biographical background and his lack of a prior criminal history. In a published decision dated March 10, 2008, the Second Circuit rejected all of petitioner's arguments and affirmed the conviction

and sentence.  *See generally U.S. v. Tran*, 519 F.3d 98 (2d Cir. 2008).

On March 23, 2009, petitioner filed the pending motion.  Petitioner made four arguments in his initial motion papers.  First, petitioner again challenged the sufficiency of the evidence of his knowledge of the presence of drugs in his vehicle.  Second, petitioner claimed that he received ineffective assistance of counsel during his appeal because his appellate counsel misstated a jury instruction that the Court gave at trial and subsequently challenged a jury instruction that the Court never gave.  Third, petitioner claimed that he received ineffective assistance of counsel during proceedings before this Court because his trial counsel failed to provide him with any information about plea discussions that may have occurred before trial.  Fourth, petitioner again challenged the sufficiency of the evidence concerning the amount of drugs in question.  In an amendment to his motion filed on October 19, 2009 and approved on May 13, 2010, petitioner made the additional argument that his grand jury, jury pool, and petit jury had no Chinese jurors and thus did not represent a fair cross-section of the community.  Respondent opposed every argument in petitioner's motion, asserting that petitioner failed to substantiate his claims of ineffective assistance of counsel and of jury selection violations.  Respondent asserted further that petitioner cannot relitigate the sufficiency of the evidence against him because the Second Circuit resolved the evidentiary issues on direct appeal.

## III.    DISCUSSION

### A.    Relitigation of Appealed Issues

"The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court.  Applying this general principle, we have held that section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.  Nevertheless, application of the doctrine remains a matter of discretion, not jurisdiction.  We may find it appropriate to reconsider an earlier decision when we are confronted with an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *U.S. v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (internal quotation marks and citations omitted). Here, the Second Circuit already ruled on petitioner's argument about his knowledge of the contents of his vehicle.  Petitioner has tried to use the pending motion to add a twist to this argument by raising the issue of a language barrier, but he could have raised that issue on appeal.  *See U.S. v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995) ("A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must show that there was cause for failing to raise the issue, and prejudice resulting therefrom.") (internal quotation marks and citations omitted).  The Second Circuit also ruled on petitioner's argument concerning sampling and the amount of drugs in

question.  Petitioner has not made any of the showings required under *Becker* to warrant revisiting these arguments.  The Court thus denies these aspects of petitioner's motion.

### B.     Ineffective Assistance of Counsel

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  Here, petitioner has made two arguments for a finding of ineffective assistance of counsel, one against his appellate counsel and one against his trial counsel. The Court will assess each of these arguments separately.

#### 1.     *Misrepresentations by Appellate Counsel*

Petitioner's ineffective-assistance argument against his appellate counsel is somewhat indirect.  Petitioner has not identified in his motion any specific error by his appellate counsel that would meet the *Strickland* requirement of a reasonable probability of a different outcome.  Instead, petitioner has focused on

the admonishment that the Second Circuit gave his appellate counsel for two

material misrepresentations in the appellate brief. The Second Circuit

admonished appellate counsel for misrepresenting the jury instructions given at

trial and for misrepresenting the characteristics of the pills seized from petitioner

at the border. Petitioner has used these admonishments to conclude, without

explanation, that he must have received inadequate representation during his

appeal and that he cannot "undo the harm" that was done. Petitioner, in effect,

has argued that the entirety of his appellate representation must have been

ineffective if appellate counsel erred on a matter as simple as accurate

representation of the facts in the record. (*See* Dkt. No. 103 at 4 (stating that

appellate counsel "so infected the Court's view of TRAN's credibility in his

presentation, that he was prevented in receiving a fair and impartial viewing in

the issues he presented on direct appeal").)

The problem with petitioner's argument, however, is that he leaves out the

other half of the Second Circuit's admonishment. That admonishment reads in

full as follows:

> The erroneously quoted jury instruction was not the only
> material misrepresentation of the record contained in Tran's brief;
> Tran's attorneys also inaccurately stated that some of the seized
> pills bore an "R" logo while others did not. Such "oversights" are
> inconsistent with the duties that Tran's attorney owes to both Tran
> and this Court.
> Though responsibility for these misrepresentations lies with
> Tran's attorneys, *we are constrained to note that the Government*
> *failed to notice and point out these same errors. We remind both*

> *parties* that vigorous testing of an adversary's position not only strengthens one's own claims but also facilitates our review of the issues.

*Tran*, 519 F.3d at 104 n.1 (emphasis added).

As the full admonishment reveals, the Second Circuit did not sanction appellate counsel and described counsel's errors as "oversights," not as attempts to perpetrate any sort of fraud on that court.  Additionally, the Second Circuit admonished respondent's counsel equally for failing to point out the errors in question.  In that context, then, what the Second Circuit really did was express irritation that all sides' counsel made its job harder.  Counsel should not have done that, but petitioner has made too great a leap from that point to the broad conclusion that his appeal ended as it did because the Second Circuit had no trust at all in his appellate counsel.  The Court thus rejects this argument from petitioner.

        2.      *Trial Counsel's Communication of Plea Discussions*

Petitioner's ineffective-assistance argument against his trial counsel concerned communications about possible plea negotiations.  Petitioner has asserted that his trial counsel never communicated with him in any way regarding any pretrial plea discussions that may have occurred.  Petitioner has asserted further that he chose to go to trial assuming that respondent did not want to offer him a plea deal.  According to petitioner, his ill-informed decision to go to trial constituted ineffective assistance.  In opposition, respondent has

attached to its papers an affirmation from petitioner's trial counsel.  In the affirmation, trial counsel asserted that he told petitioner on more than one occasion that he risked a prison sentence in excess of 15 years under the sentencing guidelines if a jury convicted him at trial, and that a plea deal setting up a sentencing guideline range of 46–57 months would be far more favorable. Trial counsel asserted further that "Mr. Tran emphatically advised me that he was not interested in a plea, was not guilty, did not know there were any drugs in the vehicle he was driving, and that he did not commit any crimes.  Thereafter, Mr. Tran refused to entertain any plea discussions.  He would become upset if the subject was raised."  (Dkt. No. 102-2 at 49.)  In reply, petitioner asserted that any suggestion that he would have preferred the sentencing range that he faced compared to the sentencing range set up by a plea agreement "strains credulity."

"It is well established that counsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution.  Failure to do so constitutes deficient performance.  In order to show prejudice, however, the petitioner must show that there is a 'reasonable probability' that he would have accepted the plea offer.  Generally, the Second Circuit requires some objective evidence other than defendant's assertions to establish prejudice although a significant sentencing disparity in combination with defendant's statement of his intention is sufficient to support a prejudice finding.  In the

8

instant case, [petitioner's] assertion that his attorney did not inform him of an allegedly proffered plea agreement rests solely upon conclusory and/or self-serving affidavits. In contrast, [petitioner's] attorney, Mr. [Harrington], and AUSA [Baczynski] have submitted detailed [affirmations] . . . credibly describing the circumstances surrounding the alleged plea negotiations." *Alvear-Ruiz v. U.S.*, No. CV-04-0234, 2007 WL 3124764, at *3 (E.D.N.Y. Oct. 24, 2007) (ellipsis in original) (internal quotation marks and citations omitted). Trial counsel's affirmation is particularly credible for two reasons. First, and as noted above, petitioner has used this motion to litigate yet again that he ever had any knowledge of the contents of his vehicle, despite resolution of that issue on direct appeal. The tone with which petitioner has continued to make that argument indicates that he still firmly believes in it and that the Second Circuit decided it incorrectly. Petitioner is allowed to express that belief as he has chosen, but the side effect of that expression is that it supports trial counsel's contention that petitioner wanted to hear nothing about taking a plea and thereby admitting that he had knowledge of the contents of his vehicle. Second, petitioner's argument in this motion rests in part on an after-the-fact assertion. Petitioner probably would have chosen the sentencing range from a plea proposal over the sentencing range from his conviction, *if he had believed that they were equally likely outcomes*. The record suggests, however, that petitioner never considered conviction a serious possibility and equated a plea

with an unnecessary concession.  Under these circumstances, the Court

accepts trial counsel's representations as credible and rejects petitioner's

argument.

### C.      Juror Demographics—Statutory Grounds

Petitioner has alleged that the process for selecting the grand jury, petit

jury pool, and petit jury violated the Jury Selection and Service Act ("JSSA"), 28

U.S.C. §§ 1861–1878.  Specifically, petitioner has alleged that "there were

clearly Chinese individuals in the community where the Petitioner's trial took

place.  There were, by contrast, *no* Chinese jurors in the grand jury and jury

venire."  (Dkt. No. 104-2 at 3.)  Respondent has countered that petitioner's time

to allege a JSSA violation has long since passed and that there is no reason to

consider such an allegation several years after his conviction in 2004.

"In criminal cases, before the voir dire examination begins, or within seven

days after the defendant discovered or could have discovered, by the exercise of

diligence, the grounds therefor, whichever is earlier, the defendant may move to

dismiss the indictment or stay the proceedings against him on the ground of

substantial failure to comply with the provisions of this title in selecting the grand

or petit jury."  18 U.S.C. § 1867(a).  Here, petitioner raised his claim of a JSSA

violation for the first time in his amended petition, filed over five years after his

conviction.  Petitioner obviously has not raised this claim before the voir dire

examination.  Further, petitioner has made no showing that he could not have

discovered an absence of Chinese jurors—his apparent "grounds

therefor"—until last October.  *Cf. U.S. v. Young*, 822 F.2d 1234, 1239 (2d Cir.

1987) ("By its terms, the Jury Selection Act requires that challenges to venires

be raised 'before the voir dire examination begins, or within seven days after the

defendant discovered or could have discovered, by the exercise of due

diligence, the grounds therefor'.  It is undisputed that no objection was made to

the composition of the jury panel until after the selection process had

commenced.") (citation omitted).  Under these circumstances, the Court rejects

petitioner's JSSA claim as untimely.

### D.      Juror Demographics—Sixth Amendment Grounds

Petitioner has challenged the jury selection process in his case on Sixth

Amendment grounds also.  As a preliminary matter, this argument must fail on

procedural grounds because petitioner did not raise it on direct appeal and has

not demonstrated that he was unable to do so.  "[T]o obtain collateral relief

based on trial errors to which no contemporaneous objection was made, a

convicted defendant must show both (1) 'cause' excusing his double procedural

default, and (2) 'actual prejudice' resulting from the errors of which he

complains."  *U.S. v. Frady*, 456 U.S. 152, 168 (1982); *cf. Cross v. U.S.*, 893 F.2d

1287, 1289 (11th Cir. 1990) (subjecting a jury-selection challenge to the

requirements of cause and prejudice because it was not raised on direct

appeal).  Here, petitioner has not explained why he needed over five years after

his conviction to challenge the jury selection process in this case. As for the second *Frady* criterion, which blends with the substantive merits of petitioner's argument, petitioner "failed to establish that the purported underrepresentation of [Chinese] persons on his jury panel was not merely a regular random selection without racial implications of any kind. Nor has he alleged any impropriety in any part of the jury selection process, from the original computerized drawing of the jurors' names, to the telephone call-in procedure, the assembly of the entire panel and the particular selection of his jury. The petitioner's position in this racial composition claim is based on conclusory assertions and sheer speculation. This deficiency is particularly true when, as here the federal habeas petition is presented to the trial judge." *Concepcion v. U.S.*, 181 F. Supp. 2d 206, 227 (E.D.N.Y. 2002) (citation omitted). In short, petitioner has not alleged any events suggesting more than a random occurrence, and he should have made those allegations at trial and on direct appeal anyway. The Court thus rejects this argument as both procedurally barred and conclusory.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court denies petitioner's motion. The Clerk of the Court is directed to close the civil case associated with the motion.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these

issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the entry of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 8, 2010

13